IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WESLEY ALAN PARTIN | § § § | PLAINTIFF |
| v. | § § § § | Civil No. 1:16cv32-HSO-JCG |
| TROY EUGENE PAUL, PAUL TRANSPORTATION, INC., and PAUL TRASNPORTATION SYSTEM, INC. | § § § § | DEFENDANTS |

**ORDER DENYING PLAINTIFF'S [43] MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' PENDING MOTION TO DISMISS; DENYING PLAINTIFF'S [38] MOTION FOR DISCOVERY; GRANTING IN PART AND DENYING IN PART DEFENDANTS' [36] MOTION TO DISMISS FOR LACK OF JURISDICTION, OR IN THE ALTERNATIVE, TO TRANFER TO A CONVENIENT FORUM; AND TRANFERRING THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION**

BEFORE THE COURT are three Motions: (1) the Motion [36] to Dismiss for Lack of Jurisdiction, or in the Alternative, to Transfer to a Convenient Forum filed by Defendants Troy Eugene Paul, Paul Transportation, Inc., and Paul Transportation System, Inc.; (2) the Motion [38] for Discovery filed by Plaintiff Wesley Alan Partin; and (3) the Motion [43] for Extension of Time to Respond to Defendants' Pending Motion to Dismiss filed by Plaintiff Wesley Alan Partin. These Motions are fully briefed.[1]

---

[1] While Plaintiff filed a Motion [43] for Extension of Time to Respond to Defendants' Pending Motion [36] to Dismiss, Plaintiff subsequently filed a Response [44], wherein he adopted and incorporated a Response [14] and supporting brief [15] that he had filed in

1

After due consideration of the briefs of the parties and the applicable law, and being otherwise fully advised in the premises, the Court finds that Plaintiff's Motion [38] for Discovery and Motion [43] for Extension of Time to Respond should be denied, that Defendants' Motion [36] to Dismiss for Lack of Jurisdiction, or in the Alternative, to Transfer to a Convenient Forum should be granted in part and denied in part, and that this civil action should be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.

## I. BACKGROUND

Plaintiff Wesley Alan Partin filed a Complaint [1-2] on November 16, 2015, in the Circuit Court of Harrison County, Mississippi, Second Judicial District, against Defendants Troy Eugene Paul ("Mr. Paul"), Paul Transportation, Inc., and Paul Transportation System, Inc. (collectively, the "Paul companies"), advancing claims under Mississippi law for alienation of affections, negligent infliction of emotional distress, and intentional infliction of emotional distress. Compl. [1-2] at 6-8. Plaintiff seeks to hold the Paul companies vicariously liable for the alleged wrongful conduct of its employees whom he alleges were acting "within the course and scope of their employment and in furtherance of the business of the Paul companies." *Id.* at 8.

The Complaint asserts that on May 28, 2015, during a four-day trip to Biloxi, Mississippi, Plaintiff's then wife, Lezlie Partin ("Ms. Partin"), was encouraged and/or coerced by Crystal McCallum ("Ms. McCallum"), at Mr. Paul's behest, to

---

opposition to Defendants' earlier Motion [3] to Dismiss for Lack of Service of Process and Personal Jurisdiction, or in the Alternative, to Transfer to a Convenient Forum.

engage in sexual relations with Ms. McCallum and Mr. Paul. Compl. [1-2] at 5. The Complaint alleges that Ms. Partin, Ms. McCallum, and other models had accompanied Mr. Paul to Biloxi, on behalf of all Defendants. *Id.* According to the Complaint, "following the May 28th sexual encounter in Biloxi, [Ms. Partin] was emotionally torn and attempted to distance her relationship with" Paul Defendants, but Mr. Paul "continued his pursuit." *Id.*

Plaintiff maintains that Mr. Paul's "efforts were successful." Plaintiff filed for a divorce from Ms. Partin on August 24, 2015, and he and Ms. Partin "were divorced on November 9, 2015[,] in Tarrant County, Texas." Aff. of Lezlie Partin [36-1] at 2. The Complaint alleges that Ms. Partin and Mr. Paul "continue[d] their personal, intimate, sexual relationship" until at least the filing of the Complaint on November 16, 2015. Compl. [1-2] at 5-6. Defendants dispute Plaintiff's claim that Mr. Paul and Ms. Partin engaged in a sexual relationship while in Mississippi and have submitted the Affidavits of Ms. Partin [36-1], Mia Vincent ("Ms. Vincent") [36-2], Ms. McCallum [36-3], and Mr. Paul [36-4] to dispute this claim.

Defendants removed the case to this Court on February 4, 2016, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 1-2. Mr. Paul is a resident of Tulsa, Oklahoma. Aff. of Troy Paul [36-4] at 1. The Paul Companies are Oklahoma corporations with their principal places of business in Tulsa, Oklahoma. Aff. of Troy Paul [36-5] at 1. Plaintiff and Ms. Partin, who is not a party to the litigation, are both residents of Tarrant County, Texas. Aff. of Lezlie

3

Partin [36-1] at 1.  Ms. Vincent and Ms. McCallum are both residents of Dallas County, Texas.  Aff. of Mia Vincent [36-2] at 1; Aff. of Crystal McCallum [36-3] at 1.

On February 25, 2016, Defendants filed a Motion to Dismiss [3] for Lack of Service of Process and Personal Jurisdiction, or in the Alternative, to Transfer to a Convenient Forum.  Defendants asserted that Mr. Paul had not been properly served, and that this Court lacked personal jurisdiction over all Defendants.  Mot. [3] at 2.  Defendants alternatively sought transfer of venue to the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1404(a).  *Id.* at 2-3.  Plaintiff filed a Response [14] and Memorandum Brief [15] in opposition to this Motion [3].  After the Court granted Plaintiff additional time to effectuate service of process upon Mr. Paul, the Court denied without prejudice Defendants' Motion [3] to Dismiss and Plaintiff's Motion [25] to Conduct Limited Jurisdictional Discovery.  *Id.*

After Mr. Paul's counsel informed the Court that he had accepted service of process on behalf of Mr. Paul and waived any further objection to Plaintiff's failure to serve process on Mr. Paul, Defendants filed the present Motion [36] to Dismiss for Lack of Jurisdiction, or in the Alternative, to Transfer to a Convenient Forum.  Plaintiff then filed a Motion [38] for Discovery, seeking 90 days to conduct limited jurisdictional discovery, followed by a Motion [43] for Extension of Time to Respond to the Motion to Dismiss.  Plaintiff adopted his Response [14] and brief [15] in opposition to Defendants' prior Motion [3] to Dismiss, but asked for additional time to respond to Defendants' new Motion [36].

4

II.  DISCUSSION

A. Plaintiff's Motion [38] for Discovery should be denied.

In support of their Motion to Dismiss, Defendants have submitted affidavits from Ms. Partin [36-1], Ms. Vincent [36-2], Ms. McCallum [36-3], and Mr. Paul [36-4], [36-5].  Plaintiff maintains that "these affidavits are wholly false and contain perjured statements put forth to assist Defendants evade [sic] the jurisdiction of this Court." Mot. [38] at 1.  Plaintiff seeks leave to depose these fact witnesses. *Id.* at 3.

Regardless of whether the Court has personal jurisdiction over all Defendants, the Court ultimately holds that transfer of venue is appropriate pursuant to 28 U.S.C. § 1404(a).  The Court therefore finds that jurisdictional discovery before this Court is unnecessary, and Plaintiff's Motion [38] for Discovery will be denied.

B. Plaintiff's Motion [43] for Extension of Time to Respond to Defendants' Pending Motion to Dismiss should be denied.

Plaintiff filed a Motion [43] for Extension of Time to Respond to Defendants' Pending Motion [36] to Dismiss, but also filed a Response [44] and adopted arguments he had raised in response to a previously filed Motion to Dismiss. Plaintiff has had sufficient opportunity to address the issues raised by Defendants in their Motion [38] and has attempted to rebut each of Defendants' arguments. The Court will deny Plaintiff's Motion [43] for Extension of Time.

5

C.    <u>Defendants' Motion [36] to Dismiss for Lack of Jurisdiction, or in the Alternative, to Transfer to a Convenient Forum will be granted in part and denied in part, and this case will be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.</u>

This Court need not resolve the question of personal jurisdiction, because it finds that Defendants' requested transfer of venue is appropriate pursuant to 28 U.S.C. § 1404(a) regardless of whether this Court has personal jurisdiction over all Defendants.  The United States Court of Appeals for the Fifth Circuit has held that a case may be transferred under § 1404(a) "whether or not the trial court below had personal jurisdiction over the defendant, for 'the convenience of parties and witnesses' and 'in the interest of justice.'" *Koehring Co. v. Hyde Const. Co.*, 324 F.2d 295, 298 (5th Cir. 1963).[2]  For this reason, Defendants' Motion [36] will be denied in part, to the extent that it seeks dismissal based upon lack of personal jurisdiction.

To the extent that Defendants' Motion [36] seeks a transfer pursuant to 28 U.S.C. § 1404(a), the Motion will be granted.  Section 1404(a) provides that

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

---

[2] *See also Bentz v. Recile*, 778 F.2d 1026, 1027 (5th Cir. 1985) ("Precedent of this court supports transfer of a case pursuant to section 1406(a) or section 1404(a) from a federal Court lacking personal jurisdiction to one possessing it, even if the case was removed from a state court that itself lacked personal jurisdiction."); *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1107 (5th Cir. Unit A June 1981) ("it remains the rule in this circuit that a transfer to a district in which personal jurisdiction over the defendant can be obtained may properly be made under either section 1404(a) or section 1406(a)."); *Self v. M&M Chem. Co.,* 177 F.3d 977, 1999 WL 195576 at *4 (5th Cir. 1999) ("A district court in which a jurisdictionally improper case is filed is empowered by 28 U.S.C. § 1404(a) or § 1406(a) either to dismiss the case or, 'if it be in the interest of justice,' to transfer it to another venue where jurisdiction may be had.").

28 U.S.C. § 1404(a).

> 1. <u>The United States District Court for the Northern District of Texas, Fort Worth Division, is a division where this civil action might have been brought.</u>

Plaintiff does not consent to the transfer of venue. The Court therefore must first determine whether the Northern District of Texas, Fort Worth Division, is a "district or division where [this civil action] might have been brought . . . ." *See* 28 U.S.C. § 1404(a).

"A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). The Fort Worth Division of the Northern District of Texas "comprises the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise." 28 U.S.C.A. § 124(a)(2).

The Complaint asserts that, "following the May 28th sexual encounter in Biloxi," Mr. Partin "continued his pursuit" of Ms. Paul. Compl. [1-2] at 5. Mr. Partin's "efforts included but were not limited to paying off a note on [Ms.] Partin's automobile on September 10, 2015 . . . ." *Id.* According to Ms. Partin, this vehicle "is located in Tarrant County, Texas." Aff. of Lezlie Partin [36-1] at 2.

Mr. Partin and Ms. Partin have also both resided in Tarrant County, Texas, since before they met in 2010, and Mr. Partin filed for divorce in Tarrant County. *Id.* Because it appears that a substantial part of the events giving rise to Plaintiff's claims occurred in Tarrant County, the Court concludes that this case could have

been brought in the Northern District of Texas, Fort Worth Division.  *See* 28 U.S.C. §§ 124(a)(2) &1391(b)(2).

  2. <u>The relevant factors weigh in favor of transferring this case to the requested forum pursuant to 28 U.S.C. § 1404(a).</u>

"[A] district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks omitted).  Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Ibid.* (internal quotation marks omitted).  The Court must also give some weight to the plaintiffs' choice of forum.  *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

*Id.* at 581 n.6.  "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'"  *Id.* at 581 (quoting 28 U.S.C. § 1404(a)).

According to the Fifth Circuit,

> [a] motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient," taking into consideration (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the

8

> attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)).

It appears that this case's only nexus to Mississippi is that Biloxi was the situs of the purported initiation of Mr. Paul and Ms. Partin's alleged affair during a four-day trip to the area. The parties and the identified fact witnesses all reside in either Texas or Oklahoma. Given the distance of both states from the Southern District of Mississippi, Southern Division, the Court finds that the first four factors set forth in *In re Radmax, Ltd.*, weigh in favor of transfer. *See In re Radmax, Ltd.*, 720 F.3d at 288. Notably, while Defendants apparently reside the farthest from the Fort Worth Division, they are the ones seeking this transfer pursuant to § 1404(a).

The fifth factor is neutral, as there has been no suggestion that either court has any administrative difficulties flowing from court congestion. *See id.* Because Tarrant County, Texas, was Mr. Partin and Ms. Partin's marital home, the sixth factor weighs in favor of transfer. The Fort Worth Division would have some local interest in having localized marital interests decided at home. *See id.*

Both the seventh and eight factors relate to the substantive law which will be applied. *See id.* "When an action has been transferred from another judicial district pursuant to 28 U.S.C. § 1404(a), the choice-of-law rules of the transferor

9

...

court apply." *Yelton v. PHI, Inc.*, 669 F.3d 577, 580 (5th Cir. 2012). In tort cases, however, both Mississippi and Texas apply the Restatement's most-significant-relationship test. *See Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 623 (5th Cir. 2014) (citing *Mitchell v. Craft*, 211 So. 2d 509, 515 (Miss. 1968)); *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 802 (5th Cir. 2007) (citing *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000); *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979)). Assuming, without deciding, that Mississippi substantive law would apply to Plaintiff's claims based upon this test, factors seven and eight would weigh against transfer. *See In re Radmax, Ltd.*, 720 F.3d at 288. The Northern District of Texas, Fort Worth Division, would likely have less familiarity with Mississippi substantive law and would likely have to address conflict-of-law issues. *See id.*

Weighing the relevant factors, including giving "some weight" to Plaintiff's initial choice of forum, *see Atl. Marine Const. Co.*, 134 S. Ct. at 581 n.6, the Court concludes that a transfer to the United States District Court for the Northern District of Texas, Fort Worth Division, would serve the convenience of parties and witnesses and would otherwise promote the interest of justice. The Court will therefore grant Defendants' Motion [36] to the extent that it seeks transfer to that forum.

Plaintiff asserts that "no one forum is convenient to all parties." Pl.'s Mem. Br. [15] at 12. That may well be true. The Court finds, however, that the United States District Court for the Northern District of Texas, Fort Worth Division, is certainly a more convenient forum than the present one. In sum, having considered

the record as a whole and weighed all relevant factors, the Court finds that transfer to the Fort Worth Division would best serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." 28 U.S.C. § 1404(a). The Court will transfer this case in accordance with § 1404(a).

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. The Court concludes that Plaintiff's Motion [38] for Discovery and Motion [43] for Extension of Time to Respond should be denied; that Defendants' Motion [36] to Dismiss for Lack of Jurisdiction, or in the Alternative, to Transfer to a Convenient Forum should be granted in part and denied in part; and that this civil action should be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [38] for Discovery and the Motion [43] for Extension of Time to Respond to Defendants' Pending Motion to Dismiss filed by Plaintiff Wesley Alan Partin are both **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [36] to Dismiss for Lack of Jurisdiction, or in the Alternative, to Transfer to a Convenient Forum filed by Defendants Troy Eugene Paul, Paul Transportation, Inc., and Paul Transportation System, Inc., is **GRANTED IN PART**, to the extent it seeks transfer to the United States District Court for the Northern District of Texas, Fort Worth

Division, **and DENIED IN PART**, to the extent it seeks dismissal for lack of personal jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case is transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.

S**O ORDERED AND ADJUDGED**, this the 21st day of December, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE